UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN FAVIS,

Plaintiff,

v.

DARYL MALLORI, *et al.*,

Defendants.

Case No.  2:25-cv-1030-DAD-JDP (PS)

ORDER

Plaintiff brings this action against two of his neighbors, Daryl Mallori and Isabella Shin, and their landlord, Myeong Bae Kim.  The complaint alleges that Mallori and Shin obtained a restraining order against plaintiff by false pretenses.  Despite plaintiff's protestation that the *Rooker-Feldman* doctrine does not apply, and that he seeks to bring this action based on the doctrine of extrinsic evidence, this case runs square into the *Rooker-Feldman* wall.  I will therefore dismiss the complaint with leave to amend.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in March 2025, he submitted a noise complaint regarding his neighbors, defendants Mallori and Shin.  ECF No. 1 at 3.  A few days later, plaintiff and his wife met up with Mallori and Shin, at which time Mallori and Shin "responded to [plaintiff's] complaint with hostile, retaliatory, and threatening behavior."  *Id.*  Plaintiff alleges that the incident turned physical, and he sustained a herniated T9-T10 thoracic spinal disc injury.  *Id.*

A week following the altercation, Mallori and Shin filed for a restraining order against plaintiff, and, according to plaintiff, in doing so relied on false statements and omissions.  *Id.*  In response, he filed for a cross-protective order and moved to compel production of video evidence of the altercation.  *Id.*  Plaintiff was not provided with the video evidence, and Judge Acero of the Sacramento County Superior Court granted Mallori and Shin's restraining order after viewing the video.  *Id.* at 3-4.

2

Plaintiff asserts several causes of action: violation of due process and retaliation (42 U.S.C. § 1983); conspiracy to interfere with civil rights (42 U.S.C. § 1985(2)); abuse of process (California Civil Code § 47); fraud on the court (California Penal Code §§ 118, 132, 134); and suppression of evidence and obstruction (California Civil Procedure Code § 2025.450 & California Evidence Code § 210). *Id.* at 4-5. As relief, plaintiff asks that this court declare the restraining order "void and unenforceable." *Id.* at 5.

The complaint is defective for several reasons: (1) plaintiff alleges no claims against defendant Kim; (2) the complaint alleges no cognizable federal claims; and (3) the claims are barred by legal doctrines that prevents federal courts from interfering with state court judgments. In light of the foregoing, the court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims.

As an initial matter, plaintiff asserts no claims against his landlord, defendant Kim. Plaintiff must allege with at least some degree of particularity overt acts of defendant Kim that support his claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

Second, plaintiff's federal claims—violation of due process and retaliation under 42 U.S.C. § 1983 and conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2)—are inadequately alleged. To state a § 1983 claim, plaintiff must allege facts showing that he was deprived of a federal or constitutional right *and* that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The complaint includes no allegations that plaintiff's neighbors and landlord were acting under the color of state law.

Liability exists for conspiracy under 42 U.S.C. § 1985(2) if

> [T]wo or more persons conspire for the purpose of impeding,
> hindering, obstructing, or defeating, in any manner, the due course
> of justice in any State or Territory, with intent to deny to any citizen

3

1

2

the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

3    42 U.S.C. § 1985(2).  A conspiracy claim under § 1985(2) requires a direct or indirect purpose of

4    depriving a person of the equal protection of the laws, or the equal privileges or immunities under

5    the laws, and a class race-based animus.  *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir.

6    1985) (en banc).  Here, plaintiff has not alleged any facts demonstrating that there was a

7    conspiracy or that any actions taken by defendants were racially motivated.  Therefore, plaintiff

8    has failed to state a claim.

9            Finally, and most fundamentally, this court lacks jurisdiction because of the *Rooker-*

10    *Feldman* doctrine.  "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule

11    prohibiting federal courts from exercising appellate review over final state court judgments."

12    *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008) (collecting cases).  "The

13    clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff

14    asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a

15    state court judgment based on that decision."  *Id.* (quoting *Henrichs v. Valley View Dev.*, 474 F.3d

16    609, 613 (9th Cir. 2007)).  When a federal court refuses to hear an appeal because of *Rooker-*

17    *Feldman*, "it must also refuse to decide any issue raised in the suit that is inextricably intertwined

18    with an issue resolved by the state court in its judicial decision."  *Doe v. Mann*, 415 F.3d 1038,

19    1043 (9th Cir. 2005) (internal quotation marks omitted).

20            Despite *Rooker-Feldman*, "[i]t has long been the law that a plaintiff in federal court can

21    seek to set aside a state court judgment obtained through extrinsic fraud."  *Kougasian v. TMSL,*

22    *Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004).  Extrinsic fraud is "conduct which prevents a party

23    from presenting his claim in court."  *Davis v. Davis*, No. 18-cv-00094-RS, 2018 WL 3069308, at

24    *5 (N.D. Cal. Apr. 25, 2018) (citations omitted).  "[F]or *Rooker-Feldman* to apply, a plaintiff

25    must seek not only to set aside a state court judgment; he or she must also allege a legal error by

26    the state court as the basis for that relief."  *Kougasian*, 359 F.3d at 1140 (citing *Noel v. Hall*, 341

27    F.3d 1148, 1164 (9th Cir. 2003)).  And "[a] plaintiff alleging extrinsic fraud on a state court is not

28

4

1    alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse

2    party." *Id.* at 1140-41 (citing *Noel*, 341 F.3d at 1164). So when "a federal plaintiff asserts as a

3    legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not

4    bar jurisdiction." *Noel*, 341 F.3d at 1164.

5         The gravamen of plaintiff's complaint is that the state court made a legal error in

6    authorizing the restraining order because it did not let him view the video evidence submitted by

7    Mallori and Shin. As relief, plaintiff specifically asks this court to invalid the state court's

8    judgment. *See* ECF No. 1 at 4. The *Rooker-Feldman* doctrine squarely prohibits this. And as to

9    plaintiff's claim that the extrinsic evidence doctrine provides an exception to the *Rooker-Feldman*

10   doctrine, the court is not persuaded. The complaint alleges that the *court* made an error by not

11   providing him with the video, not that he was prevented from presenting his claim in court. *See*

12   *id.* at 3.

13        Plaintiff's remaining causes of action allege violations of California law. Because the

14   complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether the

15   plaintiff asserts a claim arising under federal law.[1] *See* 28 U.S.C. §§ 1331, 1332; *see also*

16   *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the

17   complaint must specifically allege diverse citizenship of all parties to invoke diversity

18   jurisdiction). Since plaintiff has not stated a federal claim, I recommend that the court decline to

19   exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims

20   without prejudice. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental

21   jurisdiction over claim where "court has dismissed all claims over which it has original

22   jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual

23   case in which all federal-law claims are eliminated before trial, the balance of factors to be

24   considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and

25   comity—will point toward declining to exercise jurisdiction over the remaining state-law

26   claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions

27

28        [1] The complaint does not allege diversity of the parties.

5

of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.


IT IS SO ORDERED.


Dated:    April 29, 2025                                                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6