UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FAVIS,<br><br>Plaintiff,<br><br>v.<br><br>DARYL MALLORI, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-1030-DAD-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Stephen Favis brings this action against defendants Daryl Mallori, Isabella Shin, and Myeong Bae Kim, alleging that these individuals violated his constitutional rights by suppressing evidence in state court proceedings wherein he and defendants sought restraining orders against each other. ECF No. 4 at 2. The claims are non-cognizable, however, because they fail to allege that any defendant was a state actor and, as discussed in my prior screening order, are barred by the *Rooker-Feldman* doctrine. This is plaintiff's second complaint, and he is no closer to stating a cognizable claim. Accordingly, I now recommend that this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As in his previous complaint, plaintiff alleges that defendants suppressed evidence and, in so doing, obtained a restraining order against him. ECF No. 4 at 2. His claims proceed under section 1983 for violations of due process and retaliation, section 1985 for a conspiracy to violate his civil rights, an action for fraud on the court, and a state law abuse of process claim. *Id.* at 3-4. Plaintiff's section 1983 and section 1985 claims fail because none of the defendants is a state actor. Under section 1983, a claimant must allege that the defendant acted under color of state law. *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020). Here, none of the defendants is alleged

2

to be a state official or entity. Plaintiff alleges only that they "conspired with judicial actors" to violate his rights, ECF No. 4 at 3, but there is no allegation that any of the defendants had any involvement or coordination with state officials, other than participating in court proceedings. A private individual's withholding information or falsely testifying in court proceedings does not amount to acting under color of state law. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (holding that "merely private conduct, however discriminatory or wrongful," does not violate the Fourteenth Amendment). And, absent some viable section 1983 claim, no section 1985 claim may be maintained. *See Marcus v. CDC & Prevention*, No. 2:22-cv-02383-SSS-ASx, 2024 U.S. Dist. LEXIS 105515, *9 (C.D. Cal. Jun. 12, 2024) ("However, Section 1985(3) does not create its own independent cause of action. . . . Rather, to plead a Section 1985(3) claim, a plaintiff must first successfully plead a violation of a substantive civil rights statute.") (internal citations omitted).

And all of plaintiff's claims (including the foregoing ones) run afoul of the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008) (collecting cases). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* (quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)). When a federal court refuses to hear an appeal because of *Rooker-Feldman*, "it must also refuse to decide any issue raised in the suit that is inextricably intertwined with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1043 (9th Cir. 2005) (internal quotation marks omitted). Here, notwithstanding plaintiff's protestations to the contrary, the issues are inextricably intertwined with the evidentiary issues decided by the state court. Plaintiff's citation to *Kougasian v. TMSL, Inc.* does not avail him, because that case also recognized that "[t]he federal plaintiff is also barred from litigating, in a suit that contains a forbidden de facto appeal, any issues that are 'inextricably intertwined' with issues in that de facto appeal." 359 F.3d 1136, 1142 (9th Cir. 2004).

     Thus, plaintiff's amended complaint contains the same deficiency I found in his first. I am forced to conclude that further opportunities to amend are futile and unwarranted.

     Accordingly, it is RECOMMENDED that:

     1. Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for failure to state a cognizable claim.

     2. The Clerk of Court be directed to close the case.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2025

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE

4